**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET M. GARNETT *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-02056 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a "Complaint for Damages Pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)" and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues in their individual capacities U.S. District Judge Margaret M. Garnett and U.S. Chief Magistrate Judge Sarah L. Netburn of the Southern District of New York for "a series of documented judicial acts" taken in a civil action he filed there on October 21, 2025. Am. Compl., ECF No. 4 at 3; *see id.* at 8-15. In the prolix complaint, Plaintiff alleges, among other things, that Judge Garnett applied "the wrong standard to the TRO issuing findings . . . in violation of Rule 52(a)(2)," Am. Compl. ¶ 57, and Judge Netburn issued "void final orders without §636 (c) consent," adjudicated "challenges to Garnett's authority through circular delegated authority," closed "Plaintiff's briefing before Defendants filed their reply," denied "preservation subpoenas through application of the wrong legal framework," and "clos[ed] ten motions without analysis," *id.* ¶ 58. Plaintiff seeks compensatory and punitive damages and various forms of equitable relief. *See* Am. Compl. at 42-44. "For people in Bivens' shoes," however, "it is damages or nothing."

*Bivens*, 403 U.S. at 410 (Harlan, J., concurring in judgment); *see Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*Bivens* "allow[s] a plaintiff to seek money damages from government officials who have violated his [constitutional] rights.); *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages.").

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (citations omitted). Such applies here because judges are absolutely immune from suits for damages premised on "actions taken in [their] judicial capacity" within their jurisdiction. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Defendants' immunity extends to any allegations of "judicial mistakes or wrongs," which "are open to correction through ordinary mechanisms of review[.]" *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity aside, this action brought against federal judges who have "done nothing more than their duty" is not only "meritless," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995), but is "patently frivolous," *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.), *aff'd*, 455 F. App'x. 1 (D.C. Cir. 2011) (per curiam). Therefore, this case will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A separate order accompanies this opinion.

_________/s/___________
AMIT P. MEHTA
United States District Judge

Date: August 19, 2026